UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON



Eastern District of Kentucky
**FILED**
APR 19 2022
AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 22-5-DLB-CJS

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.                                           **PLEA AGREEMENT**

STEVEN RICHARD STILES, JR.                                                            DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. §§ 2251(a) (use of a minor to engage in sexually explicit conduct to produce a visual depiction), as well as the Forfeiture Allegation. Pursuant to Rule 11(c)(1)(1), the United States will move to dismiss Count 2 of Indictment.

2. The essential elements of Count 1 are:

    (a) The Defendant employed, used, persuaded, induced, enticed, or coerced the victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    (b) At the time, the victim was a minor; and

    (c) The visual depiction was mailed or actually transported across state lines or in foreign commerce.

3. The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On or about June 18, 2021, and continuing through on or about June 20, 2021, the Defendant communicated with a fourteen-year-old female ("Minor Victim A") via Snapchat, which is an Internet application that was installed on both the Defendant's and Minor Victim A's respective electronic devices. At all relevant times, Minor Victim A was in Kenton County, Kentucky, and the Defendant was in Warren County, Ohio.

(b) At all relevant times, the Defendant's username on Snapchat was "srichardd2," and the Defendant admits that he was in exclusive control of that account.

(c) In those communications, Minor Victim A told the Defendant that she was 14 years old. The Defendant told Minor Victim A that he was 18 years old when, in fact, he was 33 years old at that time. During their conversations, the Defendant persuaded Minor Victim A to engage in sexually explicit conduct (that is, masturbation) for the purpose of producing images and videos thereof; he also asked Minor Victim A to send the images and videos to him via Snapchat. Minor Victim A complied.

(d) The Defendant admits that he knowingly received those images and videos and that he knew those images and videos were of a minor engaged in sexually explicit conduct.

(e) During the commission of the above offense, the Defendant also communicated with a twelve-year-old female ("Minor Victim B") via Snapchat. At all relevant times, Minor Victim B was in Clermont County, Ohio.

(f) In those communications, Minor Victim B told the Defendant that she was 12 years old. The Defendant told Minor Victim B that he was 17 years old, when, in fact, he was 33 years old at that time. During their conversations, the Defendant persuaded Minor Victim B to engage in sexually explicit conduct (that is, masturbation) for the purpose of producing videos thereof; he also asked Minor Victim B to send the video to him via Snapchat. Minor Victim B complied.

(g) The Defendant admits that he knowingly received those videos and that he knew those videos were of a minor engaged in sexually explicit conduct.

(h) During the commission of the above offense and continuing through on or about December 16, 2021, the Defendant communicated with not less than 5 other minor females via Snapchat. The Defendant persuaded the minor females to produce visual depictions of themselves engaged in sexually explicit conduct for the purpose of producing visual depictions thereof; he also asked those minor females

to send those depictions to him via Snapchat. The Defendant admits that he knowingly received those visual depictions and that he knew they were of minors engaged in sexually explicit conduct.

4. The statutory punishment for Count 1 is not less than 15 years and not more than 30 years of imprisonment, not more than a $250,000 fine, and not less than 5 years and not more than a life term of supervised release. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of sentencing. An additional special assessment of $5,000 on any non-indigent person or entity is required pursuant to the Justice for Victims of Trafficking Act. *See* 18 U.S.C. § 3014. A mandatory assessment of not more than $50,000 also applies pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act. *See* 18 U.S.C. § 2259A.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) United States Sentencing Guidelines (U.S.S.G.) November 1, 2021 manual will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes, but is not limited to, the facts outlined in paragraph 3.

    (c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(1), increase by 2 levels because Minor Victim A had attained the age of twelve years but not attained the age of sixteen years.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(6), increase by 2 levels because the Defendant knowingly misrepresented his identity to persuade Minor Victim A to

3

engage in sexually explicit conduct and the Defendant used a computer to persuade Minor Victim A to engage in sexually explicit conduct, all for the purpose of producing sexually explicit material.

(f) Pursuant to U.S.S.G. §§ 2G2.1(d) and 3D1.4, increase by 2 levels because the offense involved the exploitation of more than Minor Victim A and a separate count of conviction (pseudo count) for the exploitation of Minor Female B would have an equally serious offense level or from 1 to 4 levels less serious.

(g) Pursuant to U.S.S.G. § 4B1.5(b)(1), increase by 5 levels because the offense is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct with not less than seven minor females.

(h) Pursuant to U.S.S.G. § 3E1.1, and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution is required and will be determined by the Court at sentencing.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant reserves the right to file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K or seek a sentence below the advisory guidelines range as determined by the Court at sentencing. The United States is free to oppose any such motion or request.

8. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea and conviction. The Defendant reserves the right to appeal and to attack collaterally the sentence.

9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment. The Defendant also agrees to the administrative or judicial forfeiture of all interest in the following property[1]:

   a. ZTE Cell phone.
   b. ZTE GSM Cell Phone.
   c. Kyocera Cell phone Model: C6742A, IMEI: 014638003505998.
   d. LG Cell Phone, Sim card ICC ID: 8901260342902568700.
   e. LG Cell Phone, Sprint SIM ICC ID: 89011200000477229818.
   f. Cricket Alcatel Onetouch Idol Cell Phone.
   g. Nextbook Tablet Model: NX007HD.
   h. Inland Professional Solid State Drive, Serial Number: 20121512800472.
   i. All-In-One PC Series Serial Number: 4CS14307T8; hard drive Seagate Barracuda 7200.12 Serial Number: 6VPHH77X.

The Defendant will take any steps necessary to pass clear title to this property to the United States, including but not limited to signing a consent decree of forfeiture or any other documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty. The Defendant further agrees to waive his rights to contest the forfeiture and will not object to or otherwise submit a claim in any administrative or judicial forfeiture proceedings brought against this property. The Defendant further agrees to waive all

---

[1] All property was seized during execution of a premises search warrant at the Defendant's residence. Identifying information for certain property listed herein (e.g. Serial number, IMEI) was not available because those electronic devices are inoperable.

seizure, noticing, and timing requirements set forth in 18 U.S.C. §§ 981 and 983, 21 U.S.C. § 852, Federal Rule of Criminal Procedure 32.2, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

10. The Defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

11. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such

sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorneys acknowledge that the Defendant understands this Agreement, that the Defendant's attorneys have fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 4/19/2022

By: _____
Andrew A. Spievack
Assistant United States Attorney

Date: 4/19/2022

_____
Steven Richard Stiles, Jr.
Defendant

Date: 4/19/2022

_____
Lee Metzger
Attorney for Defendant